# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANK THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )  Case No. CIV-23-1006-F |
| | ) |
| ROSS FISHER, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

  Plaintiff Frank Thomas, a state prisoner appearing *pro se*, commenced this action seeking relief pursuant to 42 U.S.C. § 1983. The action was referred to United States Magistrate Judge Shon T. Erwin for preliminary review in accordance with 28 U.S.C. § 636. After granting plaintiff leave to proceed *in forma pauperis*, Magistrate Judge Erwin conducted a screening of plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). He found the 30-page complaint did not comply with the pleading requirements of Rule 8, Fed. R. Civ. P. As a result, he entered an order directing plaintiff to file an amended complaint, utilizing the court's approved form. Magistrate Judge Erwin advised plaintiff of the pleading requirements of Rule 8 and how to state a claim in federal court. He specifically advised plaintiff that his amended complaint, utilizing the court's approved form, may include additional pages, but the court would not consider any pages filed in excess of 20.

  Subsequently, plaintiff filed an amended complaint. Upon review, Magistrate Judge Erwin found the pleading again deficient in several respects. He granted plaintiff leave to file a second amended complaint "to allege his claim[s] and

specifically identify each party's allegedly unlawful actions through a short and plain statement of the factual allegations." Doc. no. 15. Magistrate Judge Erwin again advised plaintiff that the "court will not consider any pages in excess of 20." *Id*., ECF p. 6. After obtaining an extension of time to comply, plaintiff filed an amended pleading which is referred to as the "Second Amended Complaint." Doc. no. 19. The amended pleading is 20 pages in length.

On June 28, 2024, Magistrate Judge Erwin issued a Report and Recommendation (doc. no. 21), recommending that plaintiff's Second Amended Complaint be partially dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief can be granted. Specifically, Magistrate Judge Erwin recommended the dismissal of:

(1) Plaintiff's Claims Four and Five against Defendant Ross Fisher, in his individual and official capacities;

(2) Plaintiff's Claims One, Two, Three, and Six against John Doe Defendants, in their individual and official capacities; and,

(3) Plaintiff's Claim Six in its entirety.

Magistrate Judge Erwin advised that this recommendation would result in the dismissal of defendants Fisher, West, Cole, Hartsock, and Hood, in their individual and official capacities, from this lawsuit.

In addition, Magistrate Judge Erwin recommended that defendants Mark Knutson, Cheri Atkinson, Helen Calhoun, Erin Pena, Steven Harpe, Dr. Willienell Pitts, and Fred Sanders, in their individual and official capacities, should be terminated from this action as plaintiff has not named them as defendants in the Second Amended Complaint.

On July 5, 2024, plaintiff filed "Petitioners Rule 15 Motion To Supplement The Record (Volume 1 of 5)." Doc. no. 22. Plaintiff requested leave to supplement his Second Amended Complaint with exhibits totaling 659 pages.

On July 15, 2024, plaintiff filed a response and objection to the Report and Recommendation, consisting of 4 pages, and a motion for extension of time to object to the Report and Recommendation. Doc. nos. 23 and 24.

On July 18, 2024, the court granted plaintiff's motion, allowing him until August 19, 2024, to object to the Report and Recommendation. Doc. no. 25.

On July 22, 2024, plaintiff filed another response and objection to the Report and Recommendation, totaling 8 pages. Doc. no. 26. According to the certificate of service, plaintiff mailed the filing one day prior to the court's July 18, 2024 order.

On August 2, 2024, plaintiff filed "Petitioners' Motion For Order Directing Clerk of the U.S. District Court To Return A Copy of the 'Petitioners Rule 15 Motion To Supplement The Record (Volume 1 of 5).'" Doc. no. 27.

On August 9, 2024, the court entered an order granting plaintiff's motion and directing plaintiff to submit to the court clerk a check or money order for postage for the return of his Rule 15 motion to supplement or have certain identified individuals to pick up the filing on plaintiff's behalf. Doc. no. 29. In that order, the court granted plaintiff until September 9, 2024 to file an amended response and objection to the Report and Recommendation.

To date, plaintiff has not filed an amended response and objection to the Report and Recommendation. The court therefore treats "Petitioners' Response & Objection To Report & Recommendation Document 21" (doc. no. 26) as plaintiff's objections to the Report and Recommendation.

Initially, the court notes that to support his objections to Magistrate Judge Erwin's recommendations as to (1) plaintiff's Claims Four and Five against defendant Fisher, (2) plaintiff's Claim Six, and (3) plaintiff's Claims One, Two, Three, and Six against John Doe Defendants, plaintiff relies upon the exhibits with which plaintiff seeks to supplement the record. According to plaintiff, these exhibits shed light on his claims and better identify unknown or partially known defendants.

3

Plaintiff points out that Magistrate Judge Erwin limited his Second Amended Complaint to 20 pages, and as such, he did not have the pages necessary to fully develop each claim or defendant.

"Petitioners Rule 15 Motion To Supplement The Record (Volume 1 of 5)" was referred by the court to Magistrate Judge Erwin for ruling. Because some of plaintiff's objections rely upon the exhibits with which plaintiff seeks to supplement the record, the court vacates the referral of the motion to Magistrate Judge Erwin. Upon review, the court denies the motion.

Initially, plaintiff's proposed supplement violates Magistrate Judge Erwin's order limiting the Second Amended Complaint to 20 pages. The page limitation is a "supervision of litigation" decision that is within the discretion of the court. *See*, Brooks v. Colorado Department of Corrections, 762 Fed. Appx. 551, 555 (10th Cir. 2019) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)); Timmerman v. U.S. Bank, N.A., 483 F.3d 1106, 1112 (10th Cir. 2007). Plaintiff has not shown that Magistrate Judge Erwin's decision was in error or an abuse of discretion. Plaintiff has not provided good cause for an exception to the page limitation. The court concludes that the page limitation imposed by Magistrate Judge Erwin was reasonable in light of the claims alleged by plaintiff.

Under Rule 8, a pleading must contain "a short and plain statement" of plaintiff's claims. Rule 8(a)(2), Fed. R. Civ. P. The Second Amended Complaint, along with the proposed supplement, would not constitute a "short and plain statement" of plaintiff's claims. Further, "[i]t is not the role of . . . the court . . . to sort through a lengthy . . . complaint and voluminous exhibits in order to construct plaintiff's causes of action." McNamara v. Brauchler, 570 Fed. Appx. 741, 743 (10th Cir. 2014) (quotation marks and citations omitted and unpublished decision quoted as persuasive pursuant to 10th Cir. R. 32.1(A)). The proposed supplement would force the court to comb through hundreds of pages of exhibits to ascertain whether

4

plaintiff has stated a plausible claim against each defendant. The court declines to do so.

Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the matter, without considering the supplement proposed by plaintiff. Having done so, the court concurs with the analysis of Magistrate Judge Erwin with respect to dismissal of plaintiff's claims against defendant Fisher in his individual and official capacities, dismissal of claim six in its entirety, resulting in the dismissal of defendants West and Hartsock, in their individual and official capacities, the dismissal of the John Doe Defendants—LFC unit managers, in their individual and official capacities—and the dismissal of defendants Mark Knutson, Cheri Atkinson, Helen Calhoun, Steven Harpe, Dr. Willinell Pitts, and Fred Sanders, in their individual and official capacities.

According to plaintiff, the Second Amended Complaint refers to Erin Pena in Claim One as Nurse Pena and Claim Two as E.P. The court therefore will not dismiss Erin Pena as a defendant on the ground that defendant is not named in the Second Amended Complaint.

As to defendants Cole and Hood, the court concludes that the recommendation of Magistrate Judge Erwin with respect to Claim Six does not result in the dismissal of all claims against these defendants. As pointed out by plaintiff, these defendants are named as defendants in Claim Seven, page 20 of the Second Amended Complaint, and the Report and Recommendation does not specifically address that claim. The court therefore respectfully declines to dismiss defendants Cole and Hood from this lawsuit at this stage.

With the dismissal of Claim Six in its entirety, the court concludes that the John Doe Defendants—LCF security staff unknown—are dismissed in their individual and official capacities. Therefore, the court need not address Magistrate Judge Erwin's recommendation that these defendants should be dismissed for failure

5

of the Second Amended Complaint to include identifying information and what role they may have played in plaintiff's alleged constitutional violations.

Lastly, with respect to the John Doe Defendants—LCF medical staff unknown—in Claims One, Two and Three, the court declines to dismiss these defendants. As pointed out by plaintiff, the Second Amended Complaint includes alleged actions or omissions, medical positions held, dates and times of incidents, and last names or initials of medical staff involved. At this juncture, the court respectfully declines to dismiss the John Doe Defendants—LCF medical staff unknown—for failure of the Second Amended Complaint to identify information regarding the John Doe Defendants and what role they may have played in plaintiff's alleged constitutional violations.

Based on the foregoing, the referral of "Petitioners Rule 15 Motion To Supplement The Record (Volume 1 of 5)" (doc. no. 22) to United States Magistrate Judge Shon T. Erwin is **VACATED** and "Petitioners Rule 15 Motion To Supplement The Record (Volume 1 of 5)" (doc. no. 22) is **DENIED**.

The Report and Recommendation (doc. no. 21) issued by United States Magistrate Judge Shon T. Erwin is **ADOPTED** in part.

The claims of plaintiff Frank Thomas in the Second Amended Complaint against defendant Ross Fisher, in his individual and official capacities, are dismissed pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted. The court clerk shall terminate defendant Ross Fisher from this lawsuit.

Claim Six alleged by plaintiff Frank Thomas in the Second Amended Complaint is dismissed in its entirety, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted, resulting in the dismissal of defendants West, Hartsock, and John Doe Defendants—LCF security staff unknown, in their individual and official capacities. The court clerk shall terminate

defendants West and Hartsock, and John Doe Defendants—LCF security staff unknown—from this lawsuit.

The claims of plaintiff Frank Thomas in the Second Amended Complaint against John Doe Defendants—LCF Unit Managers—are dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted. The court clerk shall terminate John Doe Defendants—LCF unit managers—from this lawsuit.

With the filing of the Second Amended Complaint, Mark Knutson, Cheri Atkinson, Helen Calhoun, Steven Harpe, Dr. Willienell Pitts, and Fred Sanders, in their individual and official capacities, are dropped as defendants. The court clerk shall terminate the defendants from this lawsuit.

DATED this 27th day of September, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-1006p004.docx