# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FRANK THOMAS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CIV-23-1006-F** |
| | ) |
| **ROSS FISHER et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Having reviewed the sufficiency of the Second Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2), the undersigned recommends Plaintiff's seventh cause of action be **DISMISSED**.

## I.    Procedural Background

The operative pleading in this matter is the Second Amended Complaint (ECF No. 19) in which Plaintiff sets forth seven causes of action. Upon reviewing the same pursuant to 28 U.S.C. § 1915A, the undersigned previously issued a Report and Recommendation (ECF No. 21), recommending Plaintiff's claims be partially dismissed for failure to state a claim upon which relief can be granted. Specifically, the Court recommended the dismissal of Plaintiff's Claims Four and Five against Defendant Ross Fisher, in his individual and official capacities, Claims One, Two, Three, and Six against John Doe Defendants, in their individual and official capacities, and Claim Six in its entirety. *Id.* However, in conducting

this initial screening, the undersigned inadvertently overlooked Plaintiff's seventh cause of action, which is based upon the same allegations and names two of the same Defendants as Claim Six. (ECF No. 19:20).

On September 27, 2024, United States District Judge Stephen P. Friot entered an Order adopting the Report and Recommendation in part. (ECF No. 30).[1] Judge Friot explained that because the Report and Recommendation had not addressed Plaintiff's Claim Seven, the Court declined to adopt the portion recommending dismissal of the two individuals named as Defendants in that claim. *Id.* at 5.

## II.   Factual Allegations Relevant to Claim Seven

Plaintiff is currently incarcerated at Lawton Correctional Facility ("LCF") located in Lawton, Oklahoma. (ECF No. 19:3). With regard to his sixth claim for relief herein, Plaintiff names multiple Defendants, including David Cole, LCF Warden and Major Hood, LCF Chief of Security. (*Id.* at 3-4, 17-18). In his seventh cause of action, Plaintiff names only Defendants Cole and Hood, in their individual and official capacities. (*Id.* at 20).

In Claim Six, Plaintiff contends Defendants West, Cole, and the remaining Defendants violated his Eighth Amendment rights by failing to protect him from known safety risks. (*Id.* at 17-20). In Claim Seven, Plaintiff contends Defendants Hood and Cole violated his Eighth Amendment rights by failing to protect him from known safety risks

---

[1] On October 3, 2024, Judge Friot entered an additional Order noting that in the September 27, 2024 Order, the Court incorrectly stated that Plaintiff had not filed an Amended Objection to the previous Report and Recommendation. (ECF No. 32:1). Upon reviewing Plaintiff's Amended Objection, the Court concluded that its previous analysis was unchanged. *Id.* at 1-2.

and failing to properly train and/or supervise staff. (*Id.* at 20). His factual allegations in support of this claim are limited to: "That (see Claim 6)." For each of these claims, Plaintiff seeks monetary and injunctive relief. (*Id.* at 20).

### III. Screening of Prisoner Complaints

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee and each case in which a plaintiff proceeds *in forma pauperis*. 28 U.S.C. §§ 1915(e)(2), 1915A(a). The Court is required to dismiss at any time the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*; *see also Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007) (indicating that a court uses same analysis for complaint's sufficiency whether performed *sua sponte* or pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)).

### IV. Analysis

In the undersigned's previous Report and Recommendation, the Court recommended dismissal of Claim Six in its entirety based on failure to state a claim upon which relief could be granted. (ECF No. 21:5-8). As Judge Friot adopted this portion of the Recommendation and Claim Seven relies solely on the same allegations, the Court should dismiss Claim Seven as moot.

Additionally, to the extent Plaintiff intends to assert a separate claim against Defendants Hood and Cole based solely on failure to train or supervise staff related to his

3

failure to protect allegations, this claim also fails. In order to assert a viable failure to train or supervise claim, Plaintiff must establish an underlying constitutional violation by those the defendant is responsible for training or supervising. *See Bond v. Regalado,* No. 22-5065, 2023 WL 7014047, at *7 (10th Cir. Oct. 25, 2023) ("[F]or a municipality (or sheriff, in this case) to be held liable for either a failure-to-train or failure-to-supervise claim, an individual officer (or deputy) must have committed a constitutional violation." (quoting *Estate of Burgaz by & through Zommer v. Bd. of Cnty. Comm'rs for Jefferson Cnty.*, 30 F.4th 1181, 1189 (10th Cir. 2022)); *Hare v. Bd. of Cnty. Comm'rs of Lea Cnty.*, No. CIV 14-1003 JB/CG, 2015 WL 10385200, at *20 (D.N.M. Nov. 30, 2015) ("[A] failure-to-train-or-supervise claim requires an underlying constitutional violation."). This Court has already determined Plaintiff has not successfully alleged a constitutional violation against an LCF employee based on failure to protect. Accordingly, the Court should dismiss Plaintiff's Claim Seven in its entirety.

## V.     Recommendation and Notice of Right to Object

Based on the foregoing findings, the undersigned recommends Plaintiff's Claim Seven be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, for failure to state a claim upon which relief can be granted. As a result of this recommendation, Defendants Cole and Hood, in their individual and official capacities, should be dismissed from this lawsuit.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **October 25, 2024**, in accordance with

28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**VI.    Status of Referral**

This Report and Recommendation does not terminate the referral by the District Judge in this matter.

ENTERED on October 8, 2024.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE