IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANK THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-1006-SLP |
| | ) |
| ROSS FISHER, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 90] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff Frank Thomas, a state prisoner appearing pro se and in forma pauperis, seeks civil rights relief, alleging violations of his federal constitutional rights under 42 U.S.C. § 1983. The Magistrate Judge recommends granting Defendants' Motion to Dismiss [Doc. No. 78], dismissing without prejudice Claims One and Two of the Amended Complaint. R&R [Doc. No. 90] at 17. The R&R further recommends dismissing Claim Four for failure to state a claim, pursuant to 28 U.S.C. § 1915. *Id.* It is further recommended that the Court deny Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order [Doc. No. 62]. *Id.*

Objections to the R&R were timely filed by Plaintiff [Doc. No. 99] and Defendants Emily Timm, Paige Fox, Kristine Kusner, Michael Boger, Sara Disney, FNU Foreman, FNU Martinsen, Mary Ivy Slieght, FNU Griffen and FNU Cole [Doc. No. 94]. Neither Plaintiff nor Defendants filed responses to the other's objections. *See* Fed. R. Civ. P.

72(b)(2) (permitting a party to respond to another party's objections within 14 days). Thus, the Court must make a de novo determination of those aspects of the R&R to which the parties object, and the Court may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

For the reasons stated below, and upon de novo review, the Court adopts the R&R in its entirety.

**I.     Background**

Following a long procedural history to date, five claims remain against eighteen defendants in this matter. [Doc. No. 90] at 2. In Claims One and Two, Plaintiff asserts Defendants Boger, Marchant, Kusner, Fox, Torain, Shipman, Foreman/Foster, Griffen/Griffeth, Cole, Whitener, Tocknell, Disney, Jones, Pena, and Wilson violated his Eighth Amendment right to adequate medical care by failing to properly prescribe and administer his insulin medication, required to control his diabetes.[1] [Doc. No. 58] at 1, 6-12. In Claim Three, he contends Defendants Boger, Marchant, Kusner, Fox, Slieght, Shipman, Martinsen, Griffen/Griffeth, Cole, Whitener, Tocknell, Disney, Jones, Pena, and Wilson violated his Eighth Amendment rights by failing to properly coordinate insulin administration with meal times, also exacerbating Plaintiff's other medical conditions,

---

[1] The R&R's recitation of Claims One and Two included Defendant Martinsen; however, Plaintiff only asserts Claim Three against Martinsen. *See* [Doc. No. 58] at 1.

including GERD/acid reflux and chronic gastroparesis. *Id.* at 1, 13-14. In Claim Four, Plaintiff asserts Defendants Boger, Timm, and Marchant failed to train or supervise staff to administer his insulin without requiring a finger stick blood sugar (FSBS) test. *Id.* at 1, 14-16. In Claim Five, Plaintiff asserts the same Defendants failed to train or supervise staff to coordinate insulin administration with meal times. *Id.* at 1, 16-18.

Defendants filed a Motion to Dismiss under the Federal Rule of Civil Procedure 12(b)(6) primarily on two grounds: (1) Plaintiff is collaterally estopped from alleging violations of his Eighth Amendment Rights, and (2) Plaintiff failed to state a claim for denial of adequate medical care. [Doc. No. 78] at 3–4. Plaintiff filed a response. [Doc. No. 82].

Plaintiff also filed a request for preliminary injunction seeking relief based on the allegations supporting the claims in his Third Amended Complaint, as well as injunctive relief related to his current housing placement, bunk restrictions, and the amount of toilet paper he receives. [Doc No. 62]. Defendants filed a response. [Doc. No. 75].

**II.  Defendants' Objection**

In the R&R, the Magistrate Judge construed Defendants' Motion to Dismiss as a *partial* motion, only seeking dismissal of Claims One and Two, rather than all five claims. [Doc. No. 90] at 1, n.1 ("Defendants did not address or request dismissal of Claims Three through Five."). Defendants object, stating that "[w]hile Defendants did not separate out each of Plaintiff's causes of action in their [Motion]," they request dismissal of every claim. [Doc. No. 94] at 2. Defendants' Objection then "adopts the arguments and authorities" in

Defendant's Motion and argues that Claims Three and Five should be dismissed for the same reasons set forth in the R&R. *Id.* at 2–3.

Upon de novo review, the Court agrees with the R&R. While Defendants may have intended their Motion to address all claims, that is not patently clear from the face of the filing, and it was not unreasonable for the Magistrate Judge to interpret the request as a partial motion. Most importantly, if it is not clear to the Magistrate Judge and this Court, then it certainly stands to reason that Plaintiff may not have interpreted Defendants' Motion as seeking dismissal of all claims and therefore, may not have had a full and fair opportunity to respond. *See e.g.* Pl.'s Obj. [Doc. No. 99] at 17 (Plaintiff states "Defendants did not dispute [Claim Four]," suggesting he believed the Motion to Dismiss only addressed certain claims). Given the risk of prejudice to Plaintiff and the lack of prejudice to Defendants (who may still file motions on these claims pursuant to Federal Rules of Civil Procedure 12 and 56), the Court declines to find that Defendants sought dismissal of all claims in their Motion and further declines to review arguments for dismissal that are not fairly raised in the proper filings. Defendants raise no other objections to the R&R. *See generally*, [Doc. No. 94].

### III. Plaintiffs' Objections

#### 1. Dismissal of Claims

Plaintiff objects to the R&R's recommendation to grant Defendants' Motion to Dismiss as well as its recommended dismissal of Claim Four. Plaintiff argues the Magistrate Judge had numerous "erroneous conclusion of law" and "ignor[ed] vital facts." [Doc. No. 99] at 1.

Plaintiff first objects to the recommendation that Claims One and Two be dismissed on the grounds of collateral estoppel. *Id.* Plaintiff begins by arguing that the Magistrate Judge did not "demonstrate or mention" the fourth element required for issue preclusion which is that the "party against whom the earlier decision is interposed did not have a full and fair opportunity to litigate the critical issues." *Id.* However, the R&R clearly sets out all four elements and discusses them at length, including the fourth element. R&R [Doc. No. 90] at 11–13. The R&R specifically states: "Finally, Oklahoma courts have recognized that a summary judgment proceeding provides a full and fair opportunity for a party to litigate an issue." *Id.* at 13 (citing *Horowitz v. Doubenskaia*, 264 P.3d 744, 747 (Okla. Civ. App. 2011) (indicating that a court's summary judgment proceedings provide a party with a full and fair opportunity to litigate the claims before the court)). Clearly, the R&R mentioned and analyzed whether Defendant had a "full and fair opportunity" to litigate his claims.

Regardless, Plaintiff contends he did not have a full and fair opportunity to litigate because the claims in state court were dismissed "for failure to state a claim." [Doc. No. 99] at 2. This is simply incorrect. As the R&R cites, the state court docket demonstrates that Defendants filed a "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment." [Doc. No. 83-2] at 8. The state court docket further reflects that the trial court converted the motion to one for summary judgment, rather than a motion to dismiss. *Id.* at 11 (docket reflecting the court granted "Defendant's Motion for Summary Judgment"). Further, the Oklahoma Court of Civil Appeals (OCCA) also acknowledged the appeal stemmed from "the award of summary judgment in favor of the Defendants." [Doc. No.

5

83-6] at 2.  Thus, Plaintiff is mistaken that the state court analyzed Defendants' motion as a motion to dismiss.  Because the state courts granted summary judgment and reviewed evidence submitted by the parties, Plaintiff had a full and fair opportunity to litigate his claims.  *See Horowitz*, 264 P.3d at 747.

Plaintiff also argues that the R&R erroneously concludes that the second and third elements of issue preclusion are met.  Obj. [Doc. No. 99] at 9.  Specifically, Plaintiff refers to this finding in the R&R: "In the state court action, Plaintiff properly raised in his amended petition his claims that LCF officials' refusal to administer his prescribed insulin without a FSBS test violated his Eighth and Fourteenth Amendment constitutional rights.  (ECF No. 83-1)." [Doc. No. 90] at 11.  While it does appear that Doc. 83-1 is only an original petition rather than an "amended petition" as referred to by the Magistrate, this scrivener's error is immaterial, and the Court nevertheless agrees with the finding: Plaintiff raised these allegations in his state court pleading.  Thus, upon de novo review of the record and each element of collateral estoppel,[2] the Court concurs with the reasoning in the R&R as to the issue of collateral estoppel for Claims One and Two.

Next, Plaintiff argues that the Magistrate Judge "erroneously largely relies on statements of OCCA [*sic*]" because both the OCCA and the Magistrate Judge "ignore and failed to acknowledge" certain evidentiary materials as well as portions in the Grievance Decision that is referenced in the OCCA's opinion.  Obj. [Doc. No. 99] at 3–6.  Similarly, Plaintiff objects to portions of the R&R that quotes the findings in the OCCA opinion,

---

[2] This Court is not required to make specific findings as to each element in conducting its de novo review.  *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000).

asserting that the OCCA (and therefore, the R&R) reached the wrong conclusions in light of the evidence. *Id.* at 5–6. However, the Magistrate Judge did not "rely" on the OCCA's evidentiary findings; the Magistrate Judge thoroughly reviewed and analyzed the OCCA's opinion and the underlying record, *see* R&R [Doc. No. 90] at 5–8, to determine whether Plaintiff raised the same issues and whether they were "actually litigated and necessarily decided in the prior proceeding." *State ex rel. Dep't of Transp. v. Little*, 100 P.3d 707, 719 n.47 (Okla. 2004).

While Plaintiff may take issue with the OCCA's opinion and rulings as to his claims and evidence, it is not this Court's function to provide appellate review for the state court's rulings. Rather, under the full faith and credit provision of 28 U.S.C. § 1738, federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Thus, the OCCA's ruling on the same issues raised in Claims One and Two of this action preclude Plaintiff's claims in this lawsuit and deprives this Court of subject-matter jurisdiction. The Court agrees with the recommendation to dismiss Claims One and Two without prejudice. *Boulter v. Noble Energy Inc.*, No. 23-1118, 2024 WL 1526289, at *5 (10th Cir. Apr. 9, 2024) (dismissal without prejudice is proper for collateral estoppel).

As to Claim Four, Plaintiff objects to the recommended dismissal. Obj. [Doc. No. 99] at 10–13. While the specific grounds of Plaintiff's objection are not entirely clear, it appears he objects because he believes Claims One and Two are not collaterally estopped. However, based on this Court's finding that those claims are subject to collateral estoppel,

7

the Court further agrees with the R&R's recommendation that Claim Four be dismissed without prejudice for failure to state a claim upon which relief can be granted. *Arnold v. City of Olathe*, 35 F.4th 778, 793 (10th Cir. 2022) (affirming dismissal of § 1983 failure to supervise claim where court found subordinate had not committed a constitutional violation); *see also Johnson v. City of Roswell*, 752 F. App'x 646, 652 (10th Cir. 2018) ("Without a constitutional violation, [the plaintiff's] § 1983 failure-to-supervise/train claim against [an official] in his individual and official capacities also fails.").

Finally, Plaintiff argues that the Magistrate Judge erred in dismissing Claim Four because the "Defendants did not dispute this claim" and "Courts are only suppose [*sic*] to rule on matters before [them]." Obj. [Doc. No. 99] at 17. However, the Magistrate Judge recommended dismissal of Claim Four pursuant to its duty to screen complaints of plaintiffs proceeding in forma pauperis under 28 U.S.C. § 1915. R&R [Doc. No. 90] at 1. Accordingly, the Court finds no error by the Magistrate Judge and, upon de novo review, agrees with his recommendation.

2. **Injunctive Relief**

The R&R recommends denial of Plaintiff's Motion for Preliminary Injunctive Relief and/or Temporary Restraining Order [Doc. No. 62]. *See* R&R [Doc. No. 90] at 14–17. Plaintiff objects, arguing that the Magistrate Judge "did not demonstrate or claim any failure of Plaintiff to satisfy 3 of the 4 elements/factors" and "only claims erroneously Plaintiff [is] unlikely to succeed on [the] merits based primarily on preclusion" of Claims One and Two. Obj. [Doc. No. 99] at 13. At the outset, a party seeking a preliminary injunction must demonstrate that "all four of the equitable factors weigh in its

favor," *Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888 (10th Cir. 2013), and "a plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted[,]" *Vill. of Logan v. U.S. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014). Thus, after finding the Plaintiff failed to meet one element, the Court need not address the others.

The Court finds no merit in Plaintiff's remaining objections. For example, the R&R recommends denying injunctive relief as it relates to housing, bunk restriction, and extra toilet paper on the grounds that this relief is "beyond the claims in the complaint, [so] the court has no authority to enter a preliminary injunction." R&R [Doc. No. 90] at 15. Plaintiff objects to this conclusion yet simultaneously admits his claims do not address these issues. *See e.g.*, Obj. [Doc. No. 99] at 15 ("Plaintiff's complaint does not raise a bottom bunk restriction claim" and "[r]egarding extra toilet paper each week no claim specifically addresses this . . ."). Upon de novo review, the Court agrees with the reasoning in the R&R as it pertains to Plaintiff's Motion for Preliminary Injunction [Doc. No. 62].

Lastly, four days after the R&R was filed but prior to the parties submitting their objections, Plaintiff filed a "Motion Requesting the Court to Rule on Plaintiff's Motion for Preliminary Injunctive Relief and/or Temporary Restraining Order" [Doc. No. 92] wherein he requested a ruling on Doc. No. 62. Given the Court's rulings stated herein, Plaintiff's Motion for an Order is DENIED as MOOT.

9

IV.     **Conclusion**

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 90] is ADOPTED in its entirety, and Defendants' (Partial) Motion to Dismiss [Doc. No. 78] is GRANTED such that Claims One and Two are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendants Torrain and Foreman/Foster are hereby dismissed from this action.

IT IS FURTHER ORDERED that Claim Four is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915.

IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order [Doc. No. 62] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for a Ruling on Plaintiff's Preliminary Injunction and/or Temporary Restraining Order [Doc. No. 92] is DENIED as MOOT.

IT IS FURTHER ORDERED that Plaintiff's Claims Three and Five remain pending at this time. This matter remains referred to the Magistrate Judge.

IT IS SO ORDERED this 7th day of August, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE