IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANK THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-1006-SLP |
| | ) |
| ROSS FISHER, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 117] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff Frank Thomas, a state prisoner appearing pro se and in forma pauperis, seeks civil rights relief, alleging violations of his federal constitutional rights under 42 U.S.C. § 1983. The R&R recommends that the Court dismiss without prejudice the claims against Defendants Mary Whitener, Erica Tocknell, Kaitlyn Jones, Erin Pena, Marilyn Torain, and Nurse Wilson, as they have not been served with process within the time allowed. *Id.* at 9.

Plaintiff filed a Response to the R&R. [Doc. No. 121]. Defendants did not file an objection to the R&R, nor did they file a response to Plaintiff's filing. *See* Fed. R. Civ. P. 72(b)(2) (permitting a party to respond to another party's objections within 14 days). Plaintiff's Response, however, is not an "objection"[1] to the R&R, as he concedes dismissal is proper. *See* [Doc. No. 121] at 1 ("Plaintiff does not dispute the fact that these defendant's

---

[1] When an objection is filed, the Court must make a de novo determination of those aspects of the R&R to which the party objects, and the Court may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

[sic] have not been served . . . so [] as a result these defendant's [sic] should be dismissed without prejudice.") (emphasis omitted). While Plaintiff generally takes issue with the Magistrate Judge refusing to instruct the U.S. Marshals Service to utilize certain software in an attempt to locate the unserved defendants,[2] *see id.*, he does not provide any legal basis to suggest that the Court must do so, nor does he challenge the R&R's legal reasoning. Rather, Plaintiff's Response indicates that he "responds strictly as a matter of preserving" his appellate rights and otherwise does not appear to object to the findings and conclusions in the R&R. [Doc. No. 121] at 2.

Accordingly, Plaintiff's filing is not an "objection," as it fails to address specific challenges to the R&R. *See Hooper v. Stitt*, No. CIV-22-988-D, 2023 WL 2432038, at *1 (W.D. Okla. Mar. 9, 2023) ("In his objection, Plaintiff generally ignores Judge Erwin's analysis and repeats, verbatim, many of the arguments previously presented in his complaint. . . . Plaintiff's failure to identify any specific error in Judge Erwin's analysis prevents further review."), *aff'd*, No. 23-6049, 2023 WL 5923920 (10th Cir. Sept. 12, 2023); *Mathews v. Elhabte*, No. 22-6031, 2022 WL 3592550, at *2 (10th Cir. Aug. 23, 2022) (objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute"); *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (Any "objection[] to the magistrate judge's

---

[2] As noted in the R&R, and as the record makes clear, Plaintiff has been afforded numerous opportunities, extensions, and warnings regarding failure to serve. *See* R&R [Doc. No. 117] at 7 ("Despite the numerous orders, continuations and warnings for failure to serve detailed above, nine (9) months have elapsed since the Court entered an Order for Service and Special Report (ECF No. 43), and Mr. Thomas has failed to serve Defendants Mary Whitener, Erica Tocknell, Kaitlyn Jones, Erin Pena, Marilyn Torain and Nurse Wilson.").

2

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court."); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Because Plaintiff does not specifically challenge any aspect of the R&R, the Court finds he has waived any objection to the R&R [Doc. No. 26], and this action is subject to dismissal. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Further, upon review, the Court fully concurs with the analysis set forth in the R&R and agrees that despite Plaintiff's pro se status, he is still required to comply with the rules of procedure and rules related to service of process. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *cert denied*, 513 U.S. 1090 (1995); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Because Plaintiff has failed to achieve proper service, dismissal without prejudice is proper. *See Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) ("The Federal Rules of Civil Procedure authorize sanctions, including dismissal . . . for failing to comply with court rules or any order of the court, see Fed. R. Civ. P. 41(b).").

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 117] is ADOPTED in its entirety. Plaintiff's claims against Defendants Mary Whitener, Erica Tocknell, Kaitlyn Jones, Erin Pena, Marilyn Torain and Nurse Wilson are DISMISSED WITHOUT PREJUDICE. This matter remains referred to the Magistrate Judge.

IT IS SO ORDERED this 14th day of October, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE